UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DANIEL J. CUTIE and CUTIE PHARMA-CARE, INC.,

                               *Plaintiffs,*

      *-against-*

JAMES C. COX, Acting New York State Medicaid Inspector General, in his official capacity, JAMES G. SHEEHAN, former New York State Medicaid Inspector General, in his individual capacity, ANGELO J. RUPERTO, in his individual and official capacities, MARTIN McMAHON, in his individual and official capacities, JOHN and JANE DOES # 1-20 in their individual and official capacities,

                               *Defendants.*

Civil Action No.
11-cv-0066 (MAD/DJS)

---

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' BILL OF COSTS

David M. Cost
*of Counsel*

**BARCLAY DAMON, LLP**
*Attorneys for Plaintiffs*
Daniel J. Cutieand Cutie Pharma-Care, Inc.
Office and Post Office Address
80 State Street
Albany, New York 12207-2830
Telephone: (518) 429-4286

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................. 2

POINT I    THE COURT SHOULD EXERCISE ITS DISCRETION AND DENY, OR IN THE ALTERNATIVE, LIMIT AN AWARD OF COSTS IN THIS CASE ............................................................................ 2

        A.    Defendants Have Not Met Their Burden To Establish An Award of Costs.. .......................................................................................................... 2

        B.    The Court Has Discretion To Grant, Deny, Or Modify Costs. ........................ 5

CONCLUSION .......................................................................................................................... 7

8546816.1

# TABLE OF AUTHORITIES

**Cases**

*Amash v. Home Depot U.S.A., Inc.*,
  1:12-cv-837, 2015 U.S. Dist. LEXIS 101573 (N.D.N.Y Aug. 4, 2015) ...................................... 2

*Cosgrove v. Sears, Roebuck, & Co.*,
  191 F.3d 98 (2d Cir. 1999) ............................................................................................................ 5

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*,
  482 U.S. 437 (1987) ...................................................................................................................... 5

*Cutie v. Sheehan*,
  1:11-cv-66 (MAD/RFT), 2011 U.S. Dist. LEXIS 114889 (N.D.N.Y Oct. 5, 2011) ................... 7

*DLC Mgmt. Corp. v. Town of Hyde Park*,
  45 F. Supp. 2d 314 (S.D.N.Y. 1999), *aff'd* 179 F.3d 63, 64 (2d Cir. 1999) ............................ 5, 6

*DLC Mgmt.*,
  45 F. Supp. 2d at 316 .................................................................................................................... 5

*Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.*,
  No. 02 Civ. 9151 (KMW), 2010 U.S. Dist. LEXIS 43466 (S.D.N.Y. May 4, 2010) .................. 5

*Friedland v. Indus. Co.*,
  Civil Action No. 04-cv-01263-REB-KLM, 2008 U.S. Dist. LEXIS 123014
  (D. Colo. Apr. 16, 2008) ............................................................................................................... 4

*Galella v. Onassis*,
  487 F.2d 986 (2d Cir. 1973) ..................................................................................................... 3, 4

*Graber v. United States*,
  01 Civ. 1269 U.S. Dist. LEXIS 20927 (S.D.N.Y. Nov. 20, 2003) ............................................... 3

*J.S. Nicol, Inc. v. Peking Handicraft, Inc.*,
  03 Civ. 1548 (GBD) (AJP), 2008 U.S. Dist. LEXIS 82085 (S.D.N.Y. Oct. 17, 2008) ............... 4

*John and Kathryn G. v. Bd. of Educ. of Mount Vernon Pub. Sch.*,
  891 F. Supp. 122 (S.D.N.Y. 1995) ............................................................................................... 2

*L-3 Commc'ns Corp. v. OSI Sys., Inc.*,
  607 F.3d 24 (2d Cir. 2010) ........................................................................................................... 5

*McDonnell v. Am. Leduc Petroleums, Ltd.*,
  456 F.2d 1170 (2d Cir. 1972) ................................................................................................... 5, 6

8546816.1

*Moore v. County of Del.*,
   586 F.3d 219 (2d Cir. 2009) .................................................................................................. 5

*Senju Pharm. Co., Ltd. v. Apotex, Inc.*,
   No. 1:07-cv-00779 (D. Del. May 8, 2013) ............................................................................ 3

*Smith v. Tenet Healthsystem SL, Inc.*,
   436 F.3d 879 (8th Cir. 2006) .................................................................................................. 4

*United States ex rel Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*,
   95 F.3d 153 (2d Cir. 1996) ..................................................................................................... 2

*Wilder v. GL Bus Lines*,
   258 F.3d 126 (2d Cir. 2001) ................................................................................................... 5

*Woodard v. CSX Transp., Inc.*,
   1:10-cv-753 (GLS), 2013 U.S. Dist. LEXIS 167767 (N.D.N.Y. Nov. 26, 2013) ...................... 4

**Other Authorities**

28 U.S.C. § 1828 .......................................................................................................................... 2

28 U.S.C. § 1920 .............................................................................................................. 1, 2, 3, 4

Fed. R. Civ. P. 54 ......................................................................................................................... 5

## PRELIMINARY STATEMENT

Plaintiffs Daniel J. Cutie and Cutie Pharma-Care, Inc. (collectively "Plaintiffs or Cutie") respectfully submit the following Memorandum of Law in support of their objections to Defendants James G. Sheehan, Angelo J. Ruperto, James C. Cox (collectively "the AG Defendants") and Martin McMahon's ("McMahon") Bills of Costs filed in this action. [Docket Nos. 62 & 66]

As a threshold matter, Plaintiffs respectfully submit this case is not the type of case which warrants an award of costs to the prevailing parties. This was a hard fought and extensively briefed case involving complex facts and legal claims that ultimately resulted in a Decision and Order by the Court that dismissed Plaintiffs' complaint. As Plaintiffs respectfully disagreed with the Court's determination, they filed an appeal to the United States Court of Appeals for the Second Circuit on October 8, 2015 which was subsequently denied. [Docket Nos. 63, 80] Especially in cases such as this, although a party may be considered "prevailing," courts often exercise their discretion in limiting or denying costs, because to award full costs would be inequitable given the complexity of the issues and the good faith of the parties litigating the action.

Even if the Court determines costs would be warranted in these circumstances, Defendants' respective Bills of Costs are deficient on their face, as they fail to demonstrate those costs taxable under 28 U.S.C. 1920, as opposed to those that are not. Indeed, absent a detailed breakdown of the taxable costs associated with each request by the Defendants, the reasonableness and necessity of each item cannot be determined, thereby warranting denial of Defendants' application as whole. Thus, for the reasons set forth below, Plaintiffs respectfully request the Court exercise its discretion to deny Defendants the costs they seek and issue an

Order requiring all parties to bear their own costs, or in the alternative, so limit them based upon the inclusion of non-taxable fees and costs.

## ARGUMENT

### POINT I

### THE COURT SHOULD EXERCISE ITS DISCRETION AND DENY, OR IN THE ALTERNATIVE, LIMIT AN AWARD OF COSTS IN THIS CASE

**A.   Defendants Have Not Met Their Burden To Establish An Award of Costs.**

It is well settled that costs in a civil action are to be awarded only under the following limited and prescribed set of circumstances: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation service under 28 U.S.C. § 1828.  28 U.S.C. § 1920.  "'The burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified.'" *Amash v. Home Depot U.S.A., Inc.*, 1:12-cv-837, 2015 U.S. Dist. LEXIS 101573, at *5 (N.D.N.Y Aug. 4, 2015) (quoting *John and Kathryn G. v. Bd. of Educ. of Mount Vernon Pub. Sch.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995) (additional citations omitted).  Importantly, there cannot be an award of costs to Defendants if they are unable to show that <u>all</u> of the items sought to be recovered fall within the purview of 28 U.S.C. § 1920.  *See, e.g., United States ex rel Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 171 (2d Cir. 1996) ("[D]istrict court has ***no discretion*** to award costs ***not authorized*** by statute or contractual provision") (emphasis added).

2

Here, the Court should deny the AG Defendants' Bill of Costs because, among other reasons, their bare Form AO 133 and attached invoices fail to differentiate between taxable costs and non-taxable costs. For instance, the first invoice, dated May 23, 2013, for the deposition of Marilyn Goulty shows charges beyond those for transcripts (i.e. "for Unedited ASCII for $272.00") for these depositions and multiple deposition transcript charges (in the amount of $1,156.00"), as opposed to a charge for a transcript in the normal course. *See Graber v. United States*, 01 Civ. 1269, 2003 U.S. Dist. LEXIS 20927 (S.D.N.Y. Nov. 20, 2003) (reducing defendant's costs to exclude "the amount attributable to the expedited processing" of deposition transcripts). Similarly, the third invoice for the deposition of Daniel J. Cutie dated June 26, 2013, also contains charges beyond the transcript itself (again for "unedited ASCII for $229.00"). [*See* Docket No. 62-1] There is no dispute the AG Defendants only used portions of one copy of each transcript in their motion and such additional costs for extra transcripts, electronic copies, expedited rough drafts and delivery charges of the same are not taxable. [*See* Docket No. 47]; *See generally Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973) (multiple copies of transcripts are ***not*** taxable costs recoverable by prevailing party) (emphasis added); *Senju Pharm. Co., Ltd. v. Apotex, Inc.*, No. 1:07-cv-00779 [Dkt. No. 165] (D. Del. May 8, 2013) (denying entire bill of costs for failure to show cost eligibility under 28 U.S.C. § 1920 because, in part, applicant's 174-page documentary substantiation failed to provide a breakdown of costs associated with each request and reasonableness and necessity of each item could not be determined) (Attached to Cost Dec. as Ex. A). Thus, Plaintiffs submit the AG Defendants' failure to segregate taxable costs vs. non-taxable costs is tantamount to a failure to meet their *prima facie* obligation to establish the reasonableness of the sought costs, and warrants denial of their application in total.

McMahon's submission is also similarly defective. Initially, his Form AO 133 lists a $549.20 as a charge for "Fees and disbursements and printing" but does not attach an invoice for

3

the same, and does not attest such fees are reasonable. [Docket No. 66] *See Woodard v. CSX Transp., Inc.*, 1:10-cv-753 (GLS), 2013 U.S. Dist. LEXIS 167767 (N.D.N.Y Nov. 26, 2013) (denying fees and disbursements for printing without explanation of reasonableness) Further, similar to the AG Defendants, McMahon also only used portions of one copy of each transcript in his motion and his submission includes additional costs for expedited fees and rough drafts that are not taxable. [Docket No. 49-(1-4)] *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (28 U.S.C. § 1920 does not authorize recovery for associated delivery expenses); *J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, 03 Civ. 1548 (GBD) (AJP), 2008 U.S. Dist. LEXIS 82085, at *69-70 (denying costs for rough drafts and delivery of transcripts) (S.D.N.Y. Oct. 17, 2008). For example, the invoice for the transcript of Daniel J. Cutie includes a charge for "unedited ASCII" at a charge of $343.50 and a delivery charge of $15.00, which are not taxable. [Docket No. 66-1] The other invoices palpably fail to specify which costs were necessary for reproduction, separating any charges for other copies of delivery services, electronic copies or copies of rough drafts, thereby failing to show what costs, if any, were taxable as opposed to non-taxable. Accordingly, McMahon's application must also be denied in whole.

Correspondingly, the AG Defendants' and McMahon's Bills of Costs should also be denied because, among other reasons, each of their Bill of Costs fails to show, beyond the lone sentence in their Forms AO 133, the items they seek recovery for were *necessary* to the case, and not simply a matter of convenience to counsel. *See Galella*, 487 F.2d at 999. Indeed, the Defendants offered no detail whatsoever to support their respective claims to each item of costs as being necessary to the case, beyond the bare and conclusory language in U.S. Courts Form AO 133. [*See* Docket Nos. 62 & 66]; *See also Senju, supra* (denying entire bill of costs where objector argued that Form AO 133 declaration was bare, conclusory, and insufficient to show basis for recovery under 28 U.S.C. § 1920); *Friedland v. Indus. Co.*, Civil Action No. 04-cv-

4

01263-REB-KLM, 2008 U.S. Dist. LEXIS 123014, at *5 (D. Colo. Apr. 16, 2008) ("a two-paragraph affidavit containing counsel's bare, unsubstantiated assurance that all the costs requested were necessarily obtained for use in the case . . . is simply insufficient to sustain [a] burden of proof regarding costs.") Accordingly, the Court should deny Defendants' application based on their failures to demonstrate their costs are, in fact, recoverable as permitted by federal law.

### B.     The Court Has Sole Discretion To Grant, Deny, Or Modify Costs.

Moreover, it is important to note that Federal Rules promulgate that costs taxable by statute *may* be eligible for recovery by a prevailing party, *unless* the district court rules otherwise. Fed. R. Civ. P. 54 (d)(1). Thus, the district court has broad discretion to decide whether to award costs, it is not compelled by statute to do so. *See L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 607 F.3d 24, 30 (2d Cir. 2010); *Cosgrove v. Sears, Roebuck, & Co.*, 191 F.3d 98, 102 (2d Cir. 1999. Indeed, cost awards are "permissive" because a district court is within its discretion to *deny* costs, even to a prevailing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Wilder v. GL Bus Lines*, 258 F.3d 126, 129-30 (2d Cir. 2001).

Within the Second Circuit, it is well-established that costs will be denied where: 1) fairness and equity so require, (*See DLC Mgmt. Corp. v. Town of Hyde Park*, 45 F. Supp. 2d 314, 315 (S.D.N.Y. 1999), *aff'd* 179 F.3d 63, 64 (2d Cir. 1999)); 2) if there is some misconduct on the part of a prevailing party (*See Moore v. County of Del.*, 586 F.3d 219, 221 (2d Cir. 2009); 3) where the plaintiff acted in good faith in bringing the action (*See Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.*, No. 02 Civ. 9151 (KMW), 2010 U.S. Dist. LEXIS 43466, at *3-4 (S.D.N.Y. May 4, 2010)); 4) where the litigation was protracted and complex (*See McDonnell v. Am. Leduc Petroleums, Ltd.*, 456 F.2d 1170, 1188 (2d Cir. 1972)); or 5) where the case presented close and difficult legal issues (*See DLC Mgmt.*, 45 F. Supp. 2d at 316). As set forth below, most of these circumstances apply to the matter before the Court.

Here, the Court should deny the Defendants' requests for costs because it would be patently unfair and inequitable to require Plaintiffs, a small family owned pharmacy from Greenwich, New York, now to pay for *all* of the parties' (or in reality the New York State government's) deposition costs simply because the Court dismissed the action prior to trial. *DLC Mgmt.*, 45 F. Supp. 2d at 315, *aff'd* 179 F.3d at 64. Indeed, in the Decision and Order, the Court cited other bases for dismissal of the action other than simply based on the testimony of these witnesses. [*See* Docket No. 60] Further, the fact that Plaintiffs acted in good faith in bringing their claims is demonstrated by the Court's initial decision denying Defendants' motion to dismiss the Complaint, finding they had stated colorable and cognizable causes of action. *See Cutie v. Sheehan*, 1:11-cv-66 (MAD/RFT), 2011 U.S. Dist. LEXIS 114889 (N.D.N.Y Oct. 5, 2011).

Moreover, this continuing litigation has lasted over five years since commencement, has seen the depositions of ten (10) fact witnesses and reports of no less than four (4) expert witnesses on the various issues the Court evaluated on the motions. *See McDonnell*, 456 F.2d at 1188 (complexity and protractedness of case is factor to consider in evaluating demand for cost award). Plaintiffs submit the case presented close and difficult legal issues involving Constitutional and common law claims the Court extensively examined in its 41-page decision on Defendants' motions for summary judgment. The parties submitted numerous exhibits and extensive briefing in advocating for their respective positions and the Court considered them over a ten-month timeframe before issuing its Decision and Order. [*See* Docket Nos. 47-59] Plaintiffs submit the parties' respective monumental efforts and the court's extensive analysis in the Decision and Order, reflects how close and difficult the legal issues in the case were. *DLC Mgmt.*, 45 F. Supp. 2d at 316. For these reasons, the Court should exercise its discretion and deny (or in the alternative so limit) a costs award to the Defendants.

8546816.1

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court deny the Defendants' Bills of Costs in their entirety, together with such other and further relief as this Court deems just, fair and proper.

**DATED:** May 18, 2016                                **BARCLAY DAMON, LLP**

By: _____s/ David M. Cost_____
David M. Cost
(Bar Roll No. 514417)

*Attorneys for Plaintiffs*
Daniel J. Cutie & Cutie Pharma-Care, Inc.
80 State Street
Albany, New York 12207
Telephone: (518) 429-4286
Facsimile: (518) 533-2913
E-Mail: dcost@barclaydamon.com