UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DANIEL J. CUTIE and CUTIE PHARMA-CARE, INC.,

                     *Plaintiffs*,

-against-

JAMES C. COX, Acting New York State Medicaid Inspector General, in his official capacity, JAMES G. SHEEHAN, former New York State Medicaid Inspector General, in his individual capacity, ANGELO J. RUPERTO, in his individual and official capacities, MARTIN McMAHON, in his individual and official capacities, JOHN and JANE DOES # 1-20 in their individual and official capacities,

                     *Defendants.*

**DECLARATION OF DAVID M. COST IN OPPOSITION TO DEFENDANTS' BILL OF COSTS**

Civil Action No.
11-cv-0066 (MAD/RFT)

---

**DAVID M. COST** hereby declares as follows:

1. I am partner with the law firm of Barclay Damon, LLP, attorneys for Plaintiffs Daniel J. Cutie and Cutie Pharma-Care, Inc. I am fully familiar with the facts and circumstances of the above matter.

2. I make this Declaration in opposition to all Defendants' Bills of Costs filed under Docket Nos. 62 & 66.

3. Annexed hereto as ***Exhibit A*** is a copy of the decision in *Senju Pharm. Co., Ltd. v. Apotex, Inc.*, No. 1:07-cv-00779 [Dkt. No. 165] (D. Del. May 8, 2013) cited in Plaintiffs' Memorandum of Law.

4.	For the reasons set forth in Plaintiffs' Memorandum of Law, respectfully submits that the Court should deny the award of costs to Defendants, or in the alternative, so limit the costs awarded to exclude those costs that are not taxable.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**DATED:** May 18, 2016

/s David M. Cost
**DAVID M. COST**

- 2 -

8547645.1

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENJU PHARMACEUTICAL CO., LTD.; ) | |
| KYORIAN PHARMACEUTICAL CO., LTD.; ) | |
| ALLERGAN, INC. ) | |
| ) | |
| Plaintiffs ) | |
| v. ) | C.A. 07-779-SLR |
| ) | |
| APOTEX, INC.; ) | |
| APOTEX CORP. ) | |
| ) | |
| Defendants. ) | |

## CLERK'S TAXATION OF COSTS

The above captioned matter was tried before the Honorable Sue L. Robinson. On June 21, 2010, the Court entered judgment in favor of defendants, Apotex, Inc., and Apotex Corp. ("defendants") and against plaintiffs, Senju Pharmaceutical Co., Ltd., Kyorian Pharmaceutical Co., Ltd., and Allergan, Inc. ("plaintiffs") (D.I. 124). On June 28, 2010, plaintiffs filed a Motion for New Trial (D.I. 126). On November 3, 2010, the Court dismissed plaintiffs' motion without prejudice to renew and reopened this litigation so that the parties could present additional evidence regarding the relationship between precipitation and solubility (D.I. 129). On December 20, 2011, the Court entered judgment in favor of defendants (D.I. 152). Plaintiffs filed a Notice of Appeal on January 18, 2012 (D.I. 154).

The appellate mandate affirming Judge Robinson's decision was filed with the District Court on November 15, 2012 (D.I. 157). There is no dispute that defendants prevailed in this matter.

District of Delaware Local Rule (LR) 54.1 (as amended effective April 30, 2010) provides that the Clerk may tax costs in favor of the prevailing party. Defendants request the Clerk tax costs against plaintiffs, in the amount of $208,859.04 , pursuant to LR 54.1. The bill of costs was filed on November 26, 2012 (DI 158). Plaintiffs filed objections to the bill of costs on December 13, 2012 (D.I. 159). The Court granted defendants' motion to file a response in support of its bill of costs (D.I. 162). Defendants' response was filed on January 25, 2013 (D.I. 163). Plaintiff filed its objections on February 1, 2013 (D.I. 164). The Clerk finds the bill of costs and objections to be timely.

1

Therefore,

**IT IS ORDERED, that**

I. The entire bill of costs is **DENIED.**

II. As to **every request** the Clerk makes the following findings:

**A)** Plaintiffs object to the entire bill of costs.

**B)** The bill of costs states only the dollar amount for each request and a general description of each request. Simply stated, the bill of costs appears to be a general summary of expenses incurred by defendants. The exhibits filed in support of the bill of costs do not provide any detailed information that permits the Clerk to adequately determine the basis for each charge claimed by defendants.

**C)** None of defendants' requests "clearly describe each item of cost...", as required by LR 54.1(a)(2).

**D)** Defendants' supporting documentation (Exhibits A, B, C, and, D) does not provide a breakdown of the costs associated with each request. The Clerk is: 1) unable to readily understand the nature of each charge; and, 2) unable to determine the reasonableness and necessity of each request. The Clerk is unable to determine if each request is taxable in accordance with the applicable rule and/or code. Therefore, the entire bill of costs is **denied.**

III. The Clerk makes **additional findings,** regarding specific items, as follows:

**A) Transcripts - Deposition and Court Hearings (Minus Videographer Fees and Videos)**

**1)** Defendants' seek reimbursement of $48,557.89 for "Transcripts - Depositions and Court Hearings (Minus Videographer Fees and Videos)" and offer Exhibits A and B in support of this request.

**2)** LR 54.1(b)(2) provides: "The costs of the originals of a trial transcript, a daily transcript and of a transcript of matters prior or subsequent to trial, furnished to the Court, are taxable when requested by the Court or prepared pursuant to stipulation. Mere acceptance by the Court does not constitute a request. Copies of transcripts for counsel's own use are not taxable."

**3)** LR 541(b)(3) provides: "The reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded are taxable only where a substantial portion of the deposition is used in the resolution of a material issue in the case. Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable, regardless of which party took the deposition. Notary fees incurred in connection with taking depositions are taxable."

**4)** The Clerk finds that defendants have not met the burden of showing that they are entitled to any taxation of transcript costs and that there is no basis for taxing the costs in accordance with LR 54.1(b)(2) and (b)(3).

**5)** The request is <u>denied.</u>

### B) <u>Translation - Documents, At Depositions and at Trial</u>

**1)** Defendants request $55,890.40 in costs for "Translation - Documents, At Depositions and at Trial".

**2)** LR 541(b)(3) provides: "The reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded are taxable only where a substantial portion of the deposition is used in the resolution of a material issue in the case. Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable, regardless of which party took the deposition. Notary fees incurred in connection with taking depositions are taxable."

**3)** LR 54.1(b)4) provides: "The reasonable fee of an interpreter is taxable if the fee of the witness involved is taxable." The Bill of Costs and Exhibit B do not establish whether any witness fee is taxable.

**4)** LR 54.1(b)(5) provides, in part: "The reasonable fee of a translator is taxable if the document translated is taxable." The Bill of Costs and Exhibit B do not establish whether any translated document is taxable.

**5)** The Clerk finds that defendants have not met their burden of showing that it is entitled to any taxation of document or witness translation costs and that there is no basis for taxing the costs in accordance with LR 54.1(b)(3); (4); and, (5).

**6)** The request is <u>denied.</u>

### C) Outside Copying/Binding

**1)** Defendants request $23,796.24 in costs for "Outside Copying/Binding" and cite LR 54.1(b)(5) and 28 U.S.C. § 1920 in support.

**2)** LR 54.1(b)(5) states in pertinent part: "The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable. The cost of one copy of a document is taxable when admitted into evidence. The cost of copies obtained for counsel's own use is not taxable."

**3)** 28 U.S.C. § 1920 states in pertinent part, that a judge or clerk of any court of the United states may tax as costs "fees and disbursements for printing and witnesses." and "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

**4)** Exhibit C includes a number of invoices in support of the request for costs for copying/binding. Defendants however have not established that the costs were for: 1 )"The cost of copies of an exhibit necessarily attached to a document required to be filed and served; or, 2) the cost of one copy of a document......when admitted into evidence." as outlined in LR 54.1(b)(5).

**5)** The Clerk finds that defendants have failed to comply with LR 54.1(b)(5). There is no basis for taxing costs in accordance with LR 54.1(b)(5) or 28 U.S.C. § 1920.

**6)** The request is <u>denied.</u>

### D) Other - Vendor Preparation and Trial

**1)** Defendants request $80,614.15 in costs for "Other - Vendor Preparation and Trial"

**2)** LR 54(b)(11) states in pertinent part that claims for costs "ordinarily will not be allowed, unless the party claiming such costs substantiates the claim by reference to a statue or binding court decision."

**3)** Exhibit D includes an extensive number of invoices in support of the request for other costs. Defendants however have not established that costs were allowed pursuant to a statute.

**4)** Defendants have cited second circuit case law in support of their arguments (DI 163, pp. 8-9). Decisions regarding the applicability of case law are a discretionary matter reserved for the Court. Therefore, the case law issue is a matter for judicial resolution.

4

5) The request is <u>denied.</u>

### IV.        **CONCLUSION**

The Clerk finds, for all the reasons stated herein, that defendants' requests for costs in the total amount of $208,859.04, are **DENIED.**

Dated: May 8, 2013

                        John A. Cerino, Clerk
                        U.S. District Court for the
                        District of Delaware

                By   /s/ George Wylesol
                     George Wylesol,
                     Chief Deputy Clerk

cc:    Honorable Sue L. Robinson
       Maryellen Noreika, Esq.
       Francis J. Murphy, Jr., Esq.
       John A. Cerino, Clerk