**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**DANIEL J. CUTIE, and CUTIE**
**PHARMA-CARE, INC.,**

                              **Plaintiffs,**

    **vs.**                                                    **1:11-CV-66**
                                                                 **(MAD)**

**JAMES G. SHEEHAN, former New York**
**State Medicaid Inspector General, in his**
**individual capacity; ANGELO J.**
**RUPERTO, in his individual and official**
**capacities; MARTIN MCMAHON, in his**
**individual and official capacities; JOHN**
**AND JANE DOES #1-20; and JAMES C.**
**COX, Acting New York State Medicaid**
**Inspector General, in his official capacity,**

                              **Defendants.**

_____

**APPEARANCES:**                              **OF COUNSEL:**

**HISCOCK & BARCLAY**                          **DAVID M. COST, ESQ.**
80 State Street                                **LINDA J. CLARK, ESQ.**
Albany, New York 122071
Attorneys for Plaintiffs

**OFFICE OF THE NEW YORK**                      **C. HARRIS DAGUE, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants
James G. Sheehan, Angelo J. Ruperto,
James C. Cox

**O'CONNOR, O'CONNOR, BRESEE**                  **DENNIS A. FIRST, ESQ.**
**& FIRST, PC**
20 Corporate Woods Boulevard
Albany, New York 12211
Attorneys for Defendant
Martin McMahon

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On January 18, 2011, Plaintiffs commenced a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants James G. Sheehan, Angelo J. Ruperto, James C. Cox, and Jane and John Does #1-20, represented by the Office of the Attorney General ("The AG Defendants"), and Defendant McMahon ("Defendant McMahon"), represented by private counsel. *See* Dkt. Nos. 1, 22.[1]  On September 25, 2014, this Court granted Defendants' motions for summary judgment and entered judgment in their favor. *See* Dkt. Nos. 60, 61.  On May 4, 2016, the Second Circuit affirmed this Court's decision. *See* Dkt. No. 80.

Currently before the Court are Defendants' motions for bill of costs, to which Plaintiffs have filed an affidavit in opposition. *See* Dkt. Nos. 62, 66, 81.

### II. BACKGROUND

On January 18, 2011, Plaintiffs commenced a civil rights action pursuant to 42 U.S.C. § 1983 against the AG Defendants and Defendant McMahon, alleging violations of their Due Process and Equal Protection Rights, Selective Enforcement, "Stigma Plus" defamation, and various state law claims sounding in common law defamation, slander, libel *per se*, tortuous interference with contracts/business relations, and *prima facie* tort. *See* Dkt. Nos. 1, 22.  On October 5, 2011, the Court granted in part and denied in part Defendants' motion to dismiss for failure to state a claim, and granted Plaintiffs' motion to amend/correct the complaint. *See* Dkt. Nos. 13, 15, 20.

---

[1] To avoid confusion, anytime the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

On September 25, 2014, this Court granted Defendants' motions for summary judgment and entered judgment in their favor. *See* Dkt. Nos. 60, 61. Specifically, in regards to Plaintiffs' Equal Protection and Selective Enforcement claims, the Court found that Plaintiffs failed to identify similar comparators that were treated differently by Defendants. *See* Dkt. No. 60 at 26-8. In regards to Plaintiffs' substantive Due Process claim, the Court found that Plaintiffs failed to identify a valid property interest and that, "[e]ven if Plaintiffs did have a valid property interest, the Court finds that Plaintiffs have failed to establish that Defendants' actions were arbitrary, conscience shocking or oppressive in the constitutional sense." *Id*. at 31. Further, the Court found "that Plaintiffs were provided with adequate due process" because they "were notified of the administrative appeal process upon being alerted of their pending exclusion from Medicaid, and Plaintiffs successfully availed themselves of that process, resulting in a censure rather than exclusion." *Id*. at 32. The Court held that Plaintiffs "failed to establish a stigma-plus due process claim," because "the record demonstrates that the statements were truthful." *Id*. at 35. The Court also found that "Defendants are, alternately entitled to qualified immunity as their alleged actions were wholly lawful and objectively reasonable." *Id*. at 38. The Court declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims and dismissed them without prejudice. *Id*. at 41. On May 4, 2016, the Second Circuit affirmed this Court's decision granting Defendants' motions for summary judgment. *See* Dkt. No. 80.

The AG Defendants filed a bill of costs on September 29, 2014, in the amount of $4,058.25. *See* Dkt. No. 62. Defendant McMahon filed a bill of costs on October 14, 2014, in the amount of $4,094.10. *See* Dkt. No. 66. Defendants' bills of costs were stayed pending the Second Circuit decision on Plaintiffs' appeal. *See* Dkt. No. 65. On May 18, 2016, Plaintiffs filed a Memorandum of Law in opposition to Defendants' bills of costs, following the Second Circuit's affirmation of this Court's summary judgment decision. *See* Dkt. Nos. 80, 81.

### III. DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorney's fees should be allowed . . . to the prevailing party unless the court directs otherwise." *Sacco v. Daimler Chrysler Corp.*, No. 05-CV-1435, 2008 WL 2858652, *1 (N.D.N.Y. July 22, 2008) (quoting FED. R. CIV. P. 54(d)(1)).  The costs that may be awarded to a prevailing party are listed in 28 U.S.C. § 1920.  *See Gallagher v. IBEW Local Union No. 43*, No. 5:00-CV-1161, 2008 WL 5191691, *1 (N.D.N.Y. Dec. 10, 2008).  Section 1920 provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1928 of this title.

*Id.* (quoting 28 U.S.C. § 1920).

Awarding costs to the prevailing party is the rule, not the exception, in civil litigation.  *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (citing FED. R. CIV. P. 54(d); *Mercy v. County of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984)), *abrogated on other grounds Bruce v. Samuels*, 136 S. Ct. 627 (2016).  Accordingly, "the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party,

the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.*

## A.      Plaintiffs' General Objections

Plaintiffs have five general objections to Defendants' bills of costs.  First, Plaintiffs allege that "this case is not the type of case which warrants an award of costs," because it was "a hard fought and extensively briefed case involving complex facts and legal claims."  Dkt. No. 81 at 5. Second, Plaintiffs contend that the court should deny Defendants' bills of costs "because it would be patently unfair and inequitable to require Plaintiffs, a small family owned pharmacy . . . to pay for *all* of the parties' . . . deposition costs."  Dkt. No. 81 at 10 (emphasis in original).  Third, Plaintiffs contend that the bills of costs should be denied because "the Court cited other bases for dismissal of the action other than simply based on the testimony of these witnesses."  *Id*.  Fourth, Plaintiffs allege that "there cannot be an award of costs to Defendants if they are unable to show that all of the items sought to be recovered fall within the purview of 28 U.S.C. § 1920."  *Id.* at 6 (emphasis in original).  Fifth, Plaintiffs contend that the bill of costs should be denied in this case because "Plaintiffs acted in good faith in bringing their claims."  *Id*. at 10.

### 1. Plaintiffs' Complexity Argument

Plaintiffs' rely on *McDonnell v. Am. Leduc Petroleums, LTD.*, 456 F.2d 1170, 1188 (2d Cir. 1972) in support of their argument that, due to the complexity of their case, an award of costs is inappropriate.  The present case, however, can be distinguished from *McDonnell* in two major respects.  *See* Dkt. No. 81 at 6.  First, *McDonnell* dealt with the issue of trustees in bankruptcy, "[a]nd in suits by trustees in bankruptcy, there is precedent for exercising . . .  discretion to deny costs to successful defendants," whereas, in the present case, Plaintiffs' claims involved alleged violations of their Due Process and Equal Protection rights, and "Stigma Plus" defamation, for

which costs are commonly awarded.  *See McDonnell*, 456 F.2d at 1188 (citation omitted).

Second, in *McDonnell*

> [t]here were originally over 90 defendants, 35 of whom appeared
> and contested liability.  The trial of this non-jury case in
> installments was a herculean job, taking over 75 trial days during a
> period of 14 months.  There were over 11,000 pages of transcript
> and more than 1,000 exhibits.  The district judge's main opinion
> was over 200 pages long.

*Id*. at 1173.  Whereas in the present case, there were only four named defendants, ten fact witness,

and the case was resolved by summary judgment rather than by trial, resulting in a forty-one page

decision.  *See* Dkt. No. 60 at 1, 41; Dkt. No. 81 at 10.  The Court finds that this case was not

overly complex and, therefore, costs can be awarded to the successful Defendants.

### 2. *Plaintiffs' Indigency Argument*

Generally, "a district court may deny costs on account of a losing party's indigency, but

indigency *per se* does not automatically preclude an award of costs," and "the party asserting a

lack of funds must demonstrate his indigency."  *Whitfield*, 241 F.3d at 270; *McGuigan v. CAE*

*Link Corp.*, 155 F.R.D. 31, 34 (N.D.N.Y. 1994) (citations omitted).

Plaintiffs have failed to establish their indigency or inability to pay Defendants' costs.

Rather, Plaintiffs rely on a bare assertion regarding the relative sizes of Plaintiffs' business – "a

small family owned pharmacy" – and the fact that Defendants are "in reality the New York State

government[]."  Dkt. No. 81 at 10; *see Graber v. United States*, No. 01-CV-1269, 2003 WL

22743085, *1 (S.D.N.Y. Nov. 20, 2003) (explaining that if a court were to deny costs because of

the disparity in wealth between a plaintiff and the government, "the Government would almost

never obtain costs"); *Hickey v. City of New York*, 241 F.R.D. 150, 153-154 (S.D.N.Y. 2006)

(finding that where the plaintiffs did "not even assert actual indigency" but instead "assert[ed] that

they cannot afford the costs," despite "retain[ing] two attorneys," the plaintiffs were not "immune

from the general obligation to pay"); *Glucover v. Coca-Cola Bottling Co. of New York, Inc.*, No.

91-CIV-6331, 1996 WL 1998, *2 (S.D.N.Y. Jan. 3, 1996) (finding that a plaintiff's reliance on her

own affidavits without documentary evidence of her indigency was insufficient to relieve her

obligation to pay the defendant's bill of costs).

### 3. Plaintiffs' Lack of Necessity Argument

Plaintiffs' argument that the bill of costs should be denied because "the Court cited other

bases for dismissal of the action other than simply based on the testimony of these witnesses," is

without merit.  Dkt. No. 81 at 10.  The Second Circuit distinguishes between transcripts submitted

to the court and transcripts of interviews taken as part of a party's pre-trial investigation that were

not submitted to the court.  *See Pierre v. City of New York*, No. 05-CV-5018, 2008 WL 1700441,

*5 (E.D.N.Y. Apr. 9, 2008).  However, when a transcript has been filed, the court must

necessarily "'use' it, since summary judgment may be granted only 'if the pleadings, *depositions*,

answers to interrogatories, and admissions *on file, . . .* show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law.'" *Whitfield*

241 F.3d at 271 (quoting Fed. R. Civ. P. 56(c)) (emphasis in original); *see also McEachin v.

Goord*, No. 9:01-CV-0259, 2007 WL 1571981, *1 (N.D.N.Y. May 25, 2007) ("[E]ven where

deposition transcripts are not introduced in evidence or used at trial, the Court has discretion to

tax the costs of the transcript if the circumstances warrant").  In the present case, all transcripts

listed in Defendants' bills of costs were submitted to the Court, and were, therefore, considered by

the Court in granting Defendants' motions for summary judgment.  *See* Dkt. No. 47-14 at 1; Dkt.

No. 49-2 at 67; Dkt. No. 49-3 at 2; Dkt. No. 54-1 at 141; Dkt. No. 54-2 at 3; Dkt. No. 60.

### 4. Plaintiffs' "All or Nothing" Argument

Plaintiffs' argue that an entire bill of costs must be rejected if any of the items listed are

not within the purview of 28 U.S.C. § 1920.  This argument is without merit.  In fact, the case

upon which Plaintiffs rely, *U.S. for Use and Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 171 (2d Cir. 1996), states that although a "district court has no discretion to award costs not authorized by statute or contractual provision, . . . if costs are authorized, the determination of amounts is vested in the sound discretion of the district court."  *See also Woodard v. CSX Transp., Inc.*, No. 1:10-CV-753, 2013 WL 6190843, *1 (N.D.N.Y. Nov. 26, 2013) ("Where a bill of costs is challenged, the reviewing district court exercises discretion and 'decide[s] the cost question [it]self'") (quoting *Whitfield*, 241 F. 3d at 269).  As some of the fees in Defendants' bills of costs are taxable, neither bill of costs must be denied in its entirety, and it is left to the sound discretion of the Court to determine the proper award of costs.

### 5. Plaintiffs' Good Faith Argument

Plaintiffs' argument that Defendants' bills of costs should be denied because Plaintiffs brought their suit in good faith, is also without merit, because Plaintiffs' other arguments have been rejected and "good faith alone is insufficient to prevent the award of costs."  *Karmel v. City of New York*, No. 00-CV-9063, 2008 WL 216929, *2 (S.D.N.Y. Jan. 9, 2008); *see also Whitfield*, 241 F.3d at 272-73; *Perry v. Metro. Suburban Bus Auth.*, 236 F.R.D. 110, 113 (E.D.N.Y. 2006) (quoting *DeJesus v. Starr Tech. Risks Agency, Inc.*, No. 03-CIV-1298, 2005 WL 957389, *2 (S.D.N.Y. Apr. 25, 2005) ("Good faith by itself does not require a district court to deny costs, since all parties to a federal action have an obligation to act in good faith").

## B.      Plaintiffs' Specific Objections

### 1. The AG Defendants' Bill of Costs

The AG Defendants' bill of costs seeks a total of $4,058.25, consisting of the following itemized costs:

| Costs/Fees | Description | Amount |
|---|---|---|
| Deposition Transcript | Marilyn Goulty | $2,108.00 |
| Deposition Transcript | Wayne K. Thygesen | $748.00 |
| Deposition Transcript | Daniel J. Cutie | $1,202.25 |
| Total: | | $4,058.25 |

### a. Fees and Disbursements for Multiple Copies of Deposition Transcripts

Plaintiffs specifically object to the AG Defendants' inclusion of the May 23, 2013 invoice

for Marilyn Goulty for $2,108.00 in the bill of costs, because the invoice lists "1 CERTIFIED

COPY OF TRANSCRIPT" for $680.00, an "ORIGINAL AND 1 CERTIFIED COPY OF

TRANSCRIPT" for $1,156.00, and an "Unedited ASCII" copy for $272.00.  Dkt. No. 62-1 at 1;

Dkt. No. 81 at 7.  Generally, "[i]f recoverable, the . . . allowed costs include the cost for the

original deposition transcript and one copy of the transcript."  *Gallagher*, 2008 WL 519169, at *2;

*see also Woodard*, 2013 WL 6190843, at *2.

Here, Plaintiffs' objection is merited because the invoice for the Marilyn Goulty

deposition transcript lists a total of four copies of the transcript: one original, which is taxable,

two certified copies, only one of which is taxable, and one unedited ACSII copy, which is not

taxable for purposes of this case.  *See* Dkt. No. 62-1 at 1.  Although the bill of costs is vague as to

the purpose of the unedited ACSII copy, generally a transcriber is able to supply an unedited

ACSII more rapidly than the original edited copy or a certified copy of the edited original.  It is

well settled that ACSII fees are not recoverable in the Southern District of New York.  *See*

*Farberware Licensing Co. LLC v. Meyer Marketing Co., Ltd.*, No. 09-CIV-2570, 2009 WL

5173787, *5 (S.D.N.Y. Dec. 30, 2009) ("Even where the cost of a deposition transcript itself will

be taxable under these standards, certain associated fees that are not necessary generally may not

be taxed-for example . . . rough diskettes and/or ASCII disks"); *In re Omeprazole Patent Litig.*,

No. M-21-81, 2012 WL 5427849, *4 (S.D.N.Y. Nov. 7, 2012) ("[C]ourts in this district have determined that . . . ASCII and rough ASCII fees are not taxable").  Courts in the Northern District have found that fees for expedited copies of transcripts are available if "quick delivery [is] necessary," however, where quick delivery is not necessary "[a] more frugal and reasonable procedure . . . [is] to order the transcripts at the 'ordinary' rate."  *Hofler v. Family of Woodstock, Inc.*, No. 1:07-CV-1055, 2012 WL 527668, *8 (N.D.N.Y. Feb. 17, 2012); *McGuigan v. CAE Link Corp.*, 155 F.R.D. 31, 35 (N.D.N.Y. 1994).  The present case, as noted above, was not an overly complex case, nor did it go to trial.  In fact, a trial date was never set because the case was resolved by summary judgment.  *See* Dkt. No. 60 at 41.  Nor have the AG Defendants' demonstrated a need for an expedited copy of the Marilyn Goulty deposition transcript. Therefore, it would be unreasonable to award costs for expedited copies of the Marilyn Goulty deposition transcript.  See Dkt. No. 62-1 at 1.  As such, the AG Defendants are entitled to costs of $1,156.00 for the Marilyn Goulty deposition transcript, the combined costs of the original and one certified copy.

Similarly, Plaintiffs correctly objected to the "Unedited ASCII" fee of $229.00 included on the July 12, 2013, invoice for the deposition transcript of Daniel J. Cutie.  For the reasons stated above, the AG Defendants are only entitled to the costs of the original Daniel J. Cutie deposition transcript and one certified copy, and not the $229.00 for the unedited ASCII copy. Therefore, the AG Defendants are entitled to costs of $973.25 for the Daniel J. Cutie deposition transcript.

Plaintiffs did not object to the costs for the Wayne K. Thygesen deposition transcript. Significantly, the Wayne K. Thygesen invoice lists just one original copy and one certified copy of the transcript.  *See* Dkt. No. 62-1 at 2.  Therefore, the Court awards the AG defendants the full amount of $748.00 for the Wayne K. Thygesen deposition transcript.

After deducting the non-recoverable costs, the AG Defendants are awarded a total of

$2,877.25, itemized as follows:

| Costs/Fees: | Description: | Amount: |
| --- | --- | --- |
| Deposition Transcript | Marilyn Goulty | $1,56.00 |
| Deposition Transcript | Daniel J. Cutie | $973.25 |
| Deposition Transcript | Wayne K. Thygesen | $748.00 |
| **Total:** | | **$2,877.25** |

### 2. Defendant McMahon's Bill of Costs

Defendant McMahon's bill of costs seeks a total of $4,094.10, consisting of the following

itemized costs:

| Costs/Fees | Description | Amount |
| --- | --- | --- |
| Printing | Printing | $549.20 |
| Deposition Transcript | Angelo J. Ruperto | $858.75 |
| Deposition Transcript | Marilyn Goutly | $408.00 |
| Deposition Transcript | Daniel J. Cutie | $1,034.05 |
| Deposition Transcript | Wayne K. Thygesen | $534.20 |
| Deposition Transcript | James G. Sheehan | $709.90 |
| **Total:** | | **$4,094.10** |

Plaintiffs specifically object to Defendant McMahon's inclusion of a $549.20 fee for

printing, the "Packaging and Handling" fees for the Daniel J. Cutie Deposition Transcript and an

"unedited ASCII" copy of the Daniel J. Cutie deposition transcript listed on that invoice, and the

"Shipping / Handling" fees for the Wayne K. Thygesen deposition transcript listed on that

invoice.  Dkt. No. 66 at 1; Dkt No. 66-1 at 4, 5; Dkt. No. 81 at 7-8.

### a. Fees and Disbursements for Printing

"While § 1920(3) permits taxation of '[f]ees and disbursements for printing,' the burden of establishing the reasonableness of each charge rests with the prevailing party." *Woodard*, 2013 WL 6190843, at \*3; *see Rotella v. Bd. of Educ. of City of New York*, No. 01-CV-0434, 2002 WL 59106, \*5 (E.D.N.Y. Jan. 17, 2002). Defendant McMahon has failed to provide any documentation presenting a breakdown of the fees for printing, the necessity of the printing, or the reasonableness of this request. Dkt. No. 66. Therefore, the Court will disallow recovery of these costs.

### b. Fees and Disbursements for Delivery

"Section 1920 makes no provision for the taxation of [document delivery] and courts have generally held that fees of this type are not compensable." *E.E.O.C. v. Allied Systems, Inc.*, No. 97-CV-1396, 1999 WL 395377, \*2 (N.D.N.Y. June 9, 1999) (citations omitted); *see also Woodard*, 2013 WL 6190843, at \*2 ("Postage and handling charges are not mentioned anywhere in § 1920, and those costs should be disallowed"). Therefore, the "Packaging and Handling" fee of $15.00 listed on the Daniel J. Cutie deposition transcript invoice and the "Shipping / Handling" fee of $15.00 listed on the Wayne K. Thygesen deposition transcript invoice are disallowed. Dkt. No. 66-1 at 4-5.

### c. Fees and Disbursements for Multiple Copies of Deposition Transcripts

For the above stated reasons, the "Unedited ASCII" copy of the Daniel J. Cutie deposition transcript is disallowed. Dkt. No. 66-1 at 4. However, the "Unedited ASCII" copy of the Marilyn Goulty deposition transcript is taxable because it is the only copy of the transcript for which Defendant McMahon is seeking reimbursement. Dkt. No. 66-1 at 3.

After deducting the non-recoverable costs, Defendant McMahon is awarded a total of $3,171.40, itemized as follows:

| Costs/Fees | Description | Amount |
|---|---|---|
| Deposition Transcript | Angelo J. Ruperto | $858.75 |
| Deposition Transcript | Marilyn Goulty | $408.00 |
| Deposition Transcript | Daniel J. Cutie | $675.55 |
| Deposition Transcript | Wayne K. Thygesen | $519.20 |
| Deposition Transcript | James G. Sheehan | $709.90 |
| **Total** | | **$3,171.40** |

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the AG Defendants' bill of costs is **GRANTED in part** for a total of $2,877.25; and the Court further

**ORDERS** that Defendant McMahon's bill of costs is **GRANTED in part** for a total of $3,171.40; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules**.**

**IT IS SO ORDERED.**

Dated: July 5, 2016
     Albany, New York

Mae A. D'Agostino
U.S. District Judge